Affirmed and Memorandum Opinion filed July 28, 2009








Affirmed
and Memorandum Opinion filed July 28, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00794-CR

____________

 

SONYA NICOLE MARIN,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st District
Court

Washington County,
Texas

Trial Court Cause No.
15,154

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a plea of nolo contendere to the offense of injury to a child.  On
August 6, 2008, the trial court sentenced appellant to confinement for
twenty-five years in the Institutional Division of the Texas Department of
Criminal Justice.  In a single issue, appellant alleges the trial court erred
in overruling her objection to certain testimony.  We affirm.








Appellant
and her child were involved in an automobile accident.  Appellant=s child was injured and later died. 
A trooper with the Department of Public Safety, Ross Bates, investigated the
accident.  The other driver testified that appellant=s vehicle crossed the highway and hit
his truck.  Appellant was charged with intentionally or knowingly causing
serious bodily injury to her daughter by driving a motor vehicle into another
motor vehicle.  After pleading nolo contendere, a hearing on sentencing was
held.  The State presented four witnesses, including Trooper Bates.  

In her
sole issue, appellant claims the trial court erred in overruling appellant=s objections to certain testimony by
Trooper Bates because the testimony was speculative and Bates was not qualified
as an expert.  Appellant=s counsel objected on the ground of Acalls for speculation,@ when the State asked Bates whether
the child was strapped in her car seat.  The trial court overruled this
objection and Bates stated that he attended the child=s autopsy and saw no bruises on the
child=s chest consistent with a shoulder
strap.  

A trial
court=s decision to admit evidence is
reviewed under an abuse-of-discretion standard.  Walters v. State, 247
S.W.3d 204, 217 (Tex. Crim. App. 2007).  A trial court abuses its
discretion when the decision lies outside the Azone of reasonable disagreement.@  Cantu v. State, 842 S.W.2d
667, 682 (Tex. Crim. App. 1992).  Even if the trial court should not have
admitted the evidence, the admission is reversible only if it affected the
appellant=s substantial rights.  Tex. R.
App. P. 44.2(b). 








Because
Bates testified he did not see the child until the day after the accident, the
question of whether the child was belted called for Trooper Bates to speculate;
however, the question did not call for expert testimony.  Even if the question
may have asked for speculation, Trooper Bates=s answer to the question was not
speculationCit was based on his personal observation of the child at the autopsy. 
Testimony based on personal observation is admissible.  Barnes v. State,
248 S.W.3d 217, 223 (Tex. App.CHouston [1st Dist.] 2007, no pet.) (a police officer may
offer opinion testimony based on his personal observations).  Thus, even if the
question itself was objectionable, because the answer did not include
objectionable testimony, it could not have influenced the jury, and the
overruling of counsel=s objection was harmless.  See King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997) (providing that errors that do not
influence the jury are harmless). 

Appellant=s counsel also claims the trial court
erred in overruling an objection to Bates=s testimony on the ground that Bates
lacked personal knowledge and was not qualified as an expert.  There is only
one objection in the record during Bates=s testimony that challenges Bates=s qualification to give a conclusion,
and the trial court did not overrule this objection.  The trial court sustained
this objection.  Thus, we need not address this complaint. 

Finding
no merit in appellant=s complaints, we affirm the judgment of the trial court.

 

 

/s/        Leslie B. Yates

Justice

 

 

Panel consists of Justices Yates, Guzman, and
Sullivan. 

Do Not Publish C Tex. R. App. P.
47.2(b).